# Stickney *v.* Batchelder & Tr.

One who has made a quantity of shingles for a debtor, who accepted the same, is not chargeable as trustee upon the ground that he has suffered them to remain in his shed, at the debtor's request, whether with or without compensation for the use of the shed.

Foreign Attachment. By the disclosure of the trustee, it appeared that, about a year before the service of the writ upon the trustee, he had bought of the defendant a wagon, and agreed to pay him for it seven and a half thousand of long spruce shingles, to be delivered at the house of the trustee during the winter ensuing. The wagon was delivered immediately, and in the course of the winter the shingles were made, and ready for delivery at the house of the trustee, as had been agreed, and the

trustee so informed the defendant, who thereupon said that he would then consider them as his, and if they should be lost by fire or otherwise, he would be the loser.

The trustee afterwards called on the defendant several times, to remove the shingles, who said that it was his wish to sell them to some person who would remove them, and that he would make it right with the trustee for the use of his shed, where the shingles were stored. The shingles still remain there, though there was no special agreement between the parties for the use of the shed, nor did the trustee expect any pay, unless the defendant should voluntarily make him such. The questions arising upon the foregoing facts were reported, and assigned for the decision of this court.

*Hibbard,* for the trustee, contended that he was not chargeable, for the reason that the shingles had been delivered.

*Thompson,* for the plaintiff, cited 5 Pick. 31; Cush. Tr. Pr. 19.

WOODS, J. The object of the trustee process, or process of foreign attachment, is, to reach goods, chattels or money deposited or left by the principal debtor in the possession of another, in such manner that the property cannot be reached by an attachment in the common form. This is the case where the party in whose custody the chattels are asserts some right to control them for his own benefit, as in cases of bailment, or where, for any cause, he conceals or withdraws them from the view of such as would subject them to process. N. H. Prov. L. 126; Cush. Tr. Pr. 19.

It is not necessary to decide that the process lies in no case in which the attachment, by the ordinary method, is possible, because there may well exist cases in which a

party, seeking such kind of security for a debt, may elect between the two forms of procedure. The statute provides for some of them. Rev. Stat., ch. 368, sec. 15; ch. 208, sec. 16.

But in the present case the goods had become the absolute property of the defendant. The delivery had become perfect. The trustee retained no right or interest in them, and claimed none. They were in no sense in his custody or possession as bailee or otherwise. He permitted them to remain upon his premises, to which place he had requested and invited the defendant to come for the purpose of removing them. Had a stranger taken them away, the trustee could not have maintained trover, or trespass *de bonis asportatis*.

The defendant had obtained permission to leave the goods upon the trustee's land, upon a vague promise to "make it right with him for the use of the shed." If that amounted to a promise to pay any thing, it was in the nature of rent and not storage, and created no lien on the goods, and imposed no duty in respect to them upon the trustee.

It does not appear, in short, that any impediment whatever existed against a specific attachment of the goods; for whatever question may exist as to the right of an officer to break the door of any one, for the purpose of seizing the goods of a stranger there, no reasonable doubt can be maintained that where the doors are open, the officer may enter for such purpose, whether the goods are deposited within for an honest purpose, or through covin. *Semayne's Case*, 5 Co. 91.

The trustee, therefore, had no such possession of the goods as the statute contemplates as necessary for charging him, and he must be discharged.

*Trustee discharged.*